IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAROLD DORVIL, Inmate #72785-004, )
)
                      Petitioner, )
)
)
vs. ) Case No. 11-cv-408-DRH
)
LISA HOLLINGSWORTH, )
)
                      Respondent. )

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

      Petitioner, currently incarcerated in the Federal Correctional Institution at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. He asserts that he should receive credit against his federal sentence for time served in state and federal custody prior to the date his federal sentence was imposed. This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

      On January 5, 2007, petitioner was sentenced to a two year term of imprisonment for state theft and fraud convictions in Florida.[1] He began serving that sentence on January 11, 2007.[2] He was later transferred to federal custody

---

[1] Florida sentencing and custody information is according to the Inmate Release Information Search feature of the *Corrections Offender Network*, Fl. Dept. of Corrections, http://www.dc.state.fl.us/InmateReleases/ (last visited June 28, 2012).
[2] *Id.*

on May 23, 2007, (Doc. 1, p. 25), and entered into a guilty plea agreement on federal charges of eleven counts of wire fraud on October 9, 2007. (Doc. 41 in *United States v. Dorvil*, No. 07-cr-60119-DTKH-1 (S.D. Fl., filed May 3, 2007)). On February 12, 2008, the Federal District Court for the Southern District of Florida sentenced petitioner to 77 months, to be served consecutive to his state sentence (*See* Doc. 53, p. 2, in criminal case). On July 9, 2008, petitioner completed his state sentence and was, once again, transferred to federal custody.[3]

Petitioner argues that he should be given credit against the 77-month sentence for the time he was incarcerated between May 23, 2007, and July 9, 2008, part of which was spent in state custody. The Bureau of Prisons notified petitioner of their denial of his request for sentence credit on May 28, 2009 (Doc. 1, p. 16). Petitioner filed the instant application for habeas relief on May 16, 2011.

Without commenting on the merits of petitioner's § 2241 motion, the Court concludes that it survives preliminary review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, meriting a response from the Government.

**IT IS HEREBY ORDERED** that respondent shall, within thirty (30) days of receipt of this application for writ of habeas corpus, answer and show cause why the writ should not issue.

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL, shall constitute sufficient service.

---

[3] *Id.*

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: June 29, 2012**

Digitally signed by
David R. Herndon
Date: 2012.06.29
14:19:12 -05'00'

**Chief Judge**
**United States District Court**